Foster, adm'r, *vs.* Daniels.

O. P. FOSTER, adm'r, etc., plaintiff in error, *vs.* H. K. DANIELS, defendant in error.

When a trial was had in the County-Court of Sumter county, and a verdict for the plaintiff, on the 20th day of July, 1868, and a judgment was entered thereon on the 22nd of July, 1868, and a motion having been made in the Court below, to set aside said verdict and judgment, on the ground that, on the days the verdict and judgment purport to have been rendered and entered, the County-Court was *abolished* by the Constitution of 1868; which motion was allowed by the Court, setting aside both the verdict and the judgment: *Held*, that, under the Reconstruction Acts of Congress, the State of Georgia had *fully* complied with the terms thereof, ratified the Fourteenth Amendment of the Constitution of the United States, and assented to the fundamental condition imposed on her by the Act of Congress, passed on the 25th June, 1868. And, therefore, the Constitution of the State of Georgia, amended by Congress, as provided in the 11th paragraph of the 11th article thereof, took effect, and was practically in operation from the 25th day of July, 1868. *Held*, also, that all unfinished business in the County-Court at the time of the abolishment thereof by the Constitution, was transferred to the Superior Court, by the 7th section of the 11th article of the State Constitution, and that it was the duty of the Superior Court to have ordered a judgment to have been entered on the verdict rendered in the County-Court, on the 20th July, 1868, unless some good and sufficient cause was shown, other than the abolishment of the County-Court on the 21st day of July, 1868.

Motion to set aside judgment of the County-Court. Decided by Judge JAMES M. CLARK. Sumter Superior Court. April Term, 1869.

Foster, as administrator of Joseph McDonald, deceased, sued Daniels, in the County-Court of said county. Upon the first day of the term, he obtained a verdict against Daniels, but did not enter judgment thereon till two days after, to-wit: on the 22nd of July, 1868.

At said term of the Superior Court, Daniels' attorneys moved to set aside said judgment, upon the ground that N. A. Smith, his attorney, had leave of absence from said term of the County-Court; that the judgment should be opened, and the equities should be adjusted under the relief law, and because the County-Court had been abolished before said judgment was entered. The Court below ordered the judg-

Foster, adm'r, *vs.* Daniels.

ment to be set aside, upon the last of said grounds, and this is assigned as error.

C. T. Goode, (by S. H. Hawkins,) for plaintiff in error.

W. A. Hawkins, N. A. Smith, for defendant.

Warner. J.

It appears, from the record in this case, that a trial was had between the parties in the County-Court of Sumter county, and a verdict was rendered in favor of the plaintiff, on the 20th day of July, 1868, and that a judgment was entered up thereon on the 22nd day of July, 1868. A motion was made in the Court below, to set aside said verdict and judgment, on the ground that, on the days upon which the verdict and judgment purport to have been rendered and entered, the County-Court had been abolished by the Constitution of 1868. The motion was granted by the Court below, setting aside both *the verdict* and judgment, which is now assigned for error here.

At what time did the Constitution of 1868 take effect and go into practical operation? In our judgment, under the Reconstruction Acts of Congress, the State of Georgia had *fully complied* with the terms thereof, ratified the Fourteenth Amendment of the Constitution of the United States, and assented to the fundamental condition imposed on her by the Act of Congress, passed on the 25th day of June, 1868; and, therefore, the Constitution of the State of Georgia, amended by Congress, as provided in the 11th paragraph of the 11th article thereof, took effect, and was practically in operation from the 21st day of July, 1868.

By the 16th section of the 5th article of the Constitution of 1868, County-Courts were abolished in this State. By the 7th paragraph of the 11th article of the Constitution, " the books, papers, and proceedings of the County-Courts, and the *unfinished* business thereof shall be transferred to the Superior Courts, and the same shall be *finished* and *performed* by the said Superior Courts, and the officers thereof."

There was a verdict obtained by the plaintiff in the County-Court, before it was abolished, but no judgment was entered thereon.   This latter proceeding was "unfinished business," and was transferred to the Superior Court.   It was the duty, therefore, of the Superior Court to ordered a judgment to have been entered on the verdict rendered on the 20th of July, 1868, in the County-Court; unless some good and sufficient cause had been shown, other than the abolishment of the County-Court on the 21st day of July, 1868.

Let the judgment of the Court below be reversed.